United States District Court
District of Massachusetts

Aderson Cesar,
A# 38-511-801;
    Petitioner,
        v.
Bruce Chadbourne, Interim
Field office Director for Detention
and Removal, Boston field office,
Bureau of Immigration and customs
Enforcement; and Andrea Cabral,
Sheriff of Suffolk County Jail;
    Respondents,

FILED
IN CLERKS OFFICE
2005 FEB -2 P 3:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No.

## Petition for a writ of habeas corpus Pursuant to 28 U.S.C. § 2241

Now Comes the Petitioner, Aderson Cesar, pro-se, hereby petitions this Honorable Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

### Parties

1. Petitioner, Aderson Cesar, was a lawful Permanent Resident of the United States, and is a native and citizen of Haiti. Mr. Cesar was ordered deported on September 24, 2002 (see Exh-1) and he was taken into immigration custody on 7-27-01 (see Ex-2). He has been detained by the Bureau of Immigration and Customs Enforcement (BICE) for over 42 months **now**... and counting.

-1-

2. Respondent Bruce Chadbourne is the Interim field office Director for Detention and Removal, Boston field office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

3. Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration laws.

4. Respondent Andrea Cabral is the Sheriff of Suffolk County Jail in Boston Massachusetts who has physical custody of the petitioner because ICE contracts with state prisons (such as Suffolk County Jail) to house immigration detainees such as the petitioner, and she has immediate custody of the petitioner. Therefore, Petitioner is under direct control of Respondents & their agents.

## Jurisdiction

5. This action arises under the Constitution of the United States, the Immigration and Nationality Act (INA) 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. This Court has Jurisdiction under 28 U.S.C. § 2241, art. I §9, cl. 2 of the United States Constitution (Suspension Clause), and 28 U.S.C. § 1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001).

## Venue

6. Venue lies in the District of Massachusetts because Mr. Cesar is currently detained at Suffolk County Jail in Boston Massachusetts. Venue in the District of Massachusetts is also proper because Petitioner is in the custody of Respondent Bruce Chadbourne, Interim field

office director of the District, which encompasses Massachusetts. 28 U.S.C. § 1391.

## Exhaustion of Remedies

7. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this Judicial action. After the Supreme Court decision in <u>Zadvydas</u>, the department of Justice issued regulations governing the custody of aliens ordered removed. <u>See</u> 8 C.F.R. § 241.4. Petitioner was taken into ICE custody on 7-27-01 and was ordered deported (by the BIA) on September 24, 2002 — (See Ex.1 & 2). Mr. Cesar has received numerous custody reviews since then and they all resulted in "continue detention" (See Ex. 3 & 4). Despite all the letters of support that were written on behalf of Mr. Cesar (by family and friends) and the numerous request (letters) he has sent to ICE and ICE's headquarters Post Unit Detention (HQPDU) in regards to his release (See Ex 5 & 6)... they still have not release him and continue to detain him unlawfully. And the custody review regulations do not provide any other administrative method of obtaining or appealing a custody review decision. <u>See</u> 8 C.F.R. § 241.13(g)(2). No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention.

## Statement of facts

8. Petitioner, Aderson Cesar, was born in Haiti on June 1st, 1971. At the age of 12 (on May 1st, 1984), he came to the United States as a lawful permanent Resident with his parents whom are now U.S Citizens and has resided here (in Boston Mass) continuously since his arrival. Mr. Cesar has a very loving wife (of 10 years together) and a very beautiful 1 year old daughter with her (whom are both U.S. citizens) and they are in desperate need of his emotional and financial support. Mr. Cesar also has 2 brothers and 1 sister whom are all U.S. citizens as well, and Mr. Cesar's parents and whole family are also U.S. citizens.

-3-

9. On November 3rd, 1992, Mr. Cesar was convicted of A+B with dangerous weapon (Knife) in Boston Mass and was sentenced to 1-10 years (with 18 months to serve) on the plea agreement (see Ex-7). On March 19, 2001, ICE charged Mr. Cesar with being deportable because of the above conviction. He was granted a waiver of deportation under INA Section 212(c) by the Immigration Judge the Honorable Leonard Shapiro on April 4th, 2002... the INS appealed it and on September 24, 2002 the BIA reversed the IJ's decision and ordered Mr. Cesar deported to Haiti. (see Ex-8 & 1)

10. Mr. Cesar has been in ICE custody since 7/27/01 and has been with a final order of removal to Haiti since September 24, 2002. He has received numerous custody reviews since then and they all resulted in continue detention even though Mr. Cesar is not a flight risk nor a threat to public safety.

11. In the 3 months that have passed since Petitioner's last custody review, ICE has not notify Mr. Cesar of any progress in his repatriation. As a matter of fact, to Petitioner's knowledge, the "government" of Haiti (which is unstable right now) has not issued travel documents for him and doesn't plan to in the reasonable foreseeable future because of the current condition (severe civil chaos) in Haiti and also because of Mr. Cesar's family ties to the Haitian government. And this fact was clearly proven on 1/13/05 when Mr. Cesar was taken to York-County in Pennsylvania to be interviewed by the Haitian Consulate (Gerald Odibert) who said he would not sign off on Mr. Cesar's travel documents (unless he is forced to) and wrote in his comments that Mr. Cesar should not be sent back to Haiti (especially right now), he should proceed his case here in the U.S. under some form of Convention against torture (CAT) (see Ex-9) or otherwise, if he's forced to return to Haiti, more than likely he will be tortured or killed. (INS has a copy of the consulate's report/comments and did want to provide me with a copy) But see **EX-10** (Very important.)

-4-

12. ICE has not asserted that Petitioner has failed to cooperate in his deportation, and ICE has offered no evidence to suggest that repatriation in Petitioner's individual case is reasonably forseeable now or in the reasonably forseeable future.

### Legal Framework for Relief Sought

13. In <u>Zadvydas</u>, the Supreme Court held that 8 U.S.C. §1231 (a)(6), when "read in light of the Constitution's demands, limited an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." <u>Id.</u>, 121 S Ct. at 2498. A "habeas Court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal." <u>Id.</u>, at 2504. If the individual's removal is not reasonably forseeable, the Court should hold continue detention unreasonable and no longer authorized by statute." <u>Id.</u>

14. In determining the length of a reasonable removal period, the Court adopted a "presumptively reasonable period of detention" of six months. <u>Id.</u> at 2504. After six months, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likehood of removal in the reasonably forseeable future." See <u>Zhou v. Farquharson</u>, 2001 U.S. Dist. LEXIS 18239, *2-*3 (D. Mass Oct. 19, 2001) (quoting and summarizing <u>Zadvydas</u>).

15. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See <u>Agbada v. John Ashcroft</u>, 2002 U.S. Dist. LEXIS 15797 (D. Mass. August 20, 2002); <u>Ahda v. Ashcroft</u>, 2002 US Dist LEXIS 19050 at *7 (W.D. Wash Feb 28, 2002) (government's failure to offer specific information regarding how or when it expected to obtain the necessary documents indicated that there was no significant likelyhood of petitioner's removal in the reasonably forseeable future. Especially Mr. Cesar's life would be in danger if he's forcely removed. See EX-9) <u>Id.</u>

-5-

Claims for relief

Count 1: Statutory Violation –

16. Petitioner re-alleges and incorporates by reference paragraphs 1 through 15 above.

17. Petitioner's continue detention by the Respondents violates INA section 241(a)(6), as interpreted in <u>Zadvydas</u>. Petitioner's six-month presumptively reasonable period for continued (detention) I mean <u>removal</u> efforts passed over six months ago. For the reasons outlined above in paragraphs 1-15, Petitioner's removal to Haiti is not reasonably forseeable. The Supreme Court held in <u>Zadvydas</u> that the continued detention of someone after six-months where deportation is not reasonably forseeable is unreasonable and in violation of INA Section 241.

Count 2: Substantive due process violation –

18. Petitioner re-alleges and incorporates by reference paragraphs 1-17 above.

19. Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The due process clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if Mr. Cesar cannot be deported. The Supreme Court in <u>Zadvydas</u> has interpreted INA § 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest to effect the alien's removal.

Count 3: Procedural due process violation –

20. Petitioner re-alleges and incorporates by reference paragraphs 1-19 above.

21. Under the due process clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The petitioner in this case, has been denied that opportunity as there is no administrative mechanism in place for the petitioner to demand a decision, ensure that a decision

-6-

will ever be made, or peal a custody decision that violates Zadvydas.

## Prayer for relief

Wherefore, Petitioner prays that this Court grant the following relief:

1) Assume Jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release the Petitioner from custody;

3) Order Respondents to refrain from sending the Petitioner to Haiti by force) (unlawfully) on a private Marshal airplane to meet his death in a country that is very unstable, lawless, and has no security; and

4) Grant any other relief which this Court deems Just and proper.

I affirm, under penalty of perJury, that the foregoing is true and correct; and that if this Honorable Court allows ICE/Respondents to force the Haitian government to accept me knowing there is a great chance that I will be tortured to my death in Haiti's prison would be a violation of Article III of the Convention against torture (CAT), and also a violation of Human rights and the U.S. Constitution of America.

Respectfully Submitted,

February 1st, 2005

Aderson Cesar (Pro-se)
Aderson Cesar
Suffolk County H.O.C.
20 Bradston St.
Boston, Mass. 02118

-7-

## Certificate of Service

I, Aderson Cesar, the Petitioner, Pro-se, hereby certify that a true and accurate copy of the foregoing was sent to the Respondents via first class mail postage prepaid on the 1st day of February 2005 to the address listed below:

Frank Crowley
Special Assistant U.S. Attorney
Dept. of Homeland Security
P.O. Box: 8728
JFK Station
Boston, Mass. 02114

*Aderson Cesar* (pro-se)
2/1/05