UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ADERSON CESAR,                          )
                                        )
            Petitioner                  )
                                        )        Civil Action No.
      v.                                )        05cv10212-JLT
                                        )
BRUCE CHADBOURNE, FIELD OFFICE          )
DIRECTOR, IMMIGRATION AND               )
CUSTOMS ENFORCEMENT, ET AL.,            )
                                        )
                                        )
            Respondents[1]              )

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Haiti presently
detained by the Bureau of Immigration and Customs Enforcement of
the Department of Homeland Security ("ICE") pending execution of
his final order of removal.[2]  His petition to this Court asserts
prolonged post-order detention in contravention of the Supreme
Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

---

[1] The responsive official of the Department of Homeland Security
responsible for enforcement of petitioner's removal order in the
instant action is Bruce Chadbourne, Field Office Director for
Detention and Removal, Department of Homeland Security, Bureau of
Immigration and Customs Enforcement ("ICE") in Boston,
Massachusetts. See 28 U.S.C. § 517 (providing for the appearance
of the Department of Justice "to attend to the interests of the
United States in a suit pending in a court of the United
States").

[2] Petitioner's last judicial stay of removal expired on July 20,
2004, the date the First Circuit Court of Appeals allowed
petitioner's voluntary dismissal of his appeal from Judge Wolf's
habeas corpus denial.  See Cesar v. INS, 04-1295 (1st Cir. 2004);
Cesar v. Immigration and Naturalization Service, 02cv12071-MLW
(D. Mass. 2003).

However, because petitioner's removal has now been scheduled for **February 28, 2005**, execution of the removal order and petitioner's consequent release from custody are now "reasonably foreseeable" and within the scope of the Supreme Court's <u>Zadvydas</u> rule.  <u>See</u> Attachment A, DECLARATION OF CHIEF IMMIGRATION ENFORCEMENT AGENT JAMES BROWN.

Also, to whatever possible extent the petition may also be construed to challenge petitioner's underlying removal order,[3] that matter is now res judicata as a result of Judge Wolf's previous habeas denial, <u>see</u> Attachment B, and petitioner's subsequent voluntary dismissal of his circuit court appeal from that denial, <u>see</u> Attachment C.

Accordingly the case should be dismissed for failure to state a claim upon which relief may be granted.

<u>**ARGUMENT**</u>

I.  BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **FEBRUARY 28, 2005**, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner complains about the length of his detention awaiting the completion of necessary arrangements for his removal, asserting that "ICE has offered no evidence to suggest that repatriation in petitioner's individual case is reasonably

---

[3] <u>See</u> <u>e.g.</u> Petition, p.5 ("Mr. Cesar's life would be in danger if he's forcibly removed.").

foreseeable".[4]    Petition, p.5.    However, because petitioner's removal is now scheduled for a later this month (**FEBRUARY 28, 2005**), petitioner fails to state a colorable claim of unlawful detention. See Attachment A, DECLARATION OF CHIEF IMMIGRATION ENFORCEMENT AGENT JAMES BROWN.

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

---

[4] Petitioner has been scheduled for several removal flights in the past, however his litigation in the district and the circuit courts has been attended by judicial stays of removal preventing petitioner's removal. The last judicial stay of removal expired on July 20, 2004, when the First Circuit allowed petitioner's voluntary dismissal of his appeal from the district court's denial of his habeas claims. See Attachment C.

In <u>Akinwale v. Ashcroft, et al.</u>, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), <u>aff'd</u> 341 F.3d 853 (9th Cir. 2003), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden.  While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable.  Rather, the passage of time is simply the first step in the analysis.  Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, the necessary travel authorizations have now been completed, and petitioner is now scheduled for removal to Haiti on a special United States government flight later this month, on **FEBRUARY 28, 2005**.  <u>See</u> Attachment A, p.2, ¶4. Accordingly, there is necessarily a "significant likelihood

of removal in the reasonably foreseeable future" and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's removal scheduled for **FEBRUARY 28, 2005**, and advises of the necessity that petitioner be transported to an intermediate staging area in the United States two weeks from now preparatory to his removal to Haiti on **FEBRUARY 28, 2005**.

<u>**CONCLUSION**</u>

For all the reasons set out above, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: <u>s/Frank Crowley</u>
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on February 8, 2005.

<u>s/Frank Crowley</u>
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

ATTACHMENT A

## DECLARATION OF CHIEF IMMIGRATION
## ENFORCEMENT AGENT JAMES BROWN

Pursuant to the authority of 28 U.S.C. § 1746, I, JAMES BROWN, Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE"), declare as follows:

1. I am the Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE").

2. Included in my official duties as a Chief Immigration Enforcement Agent is the responsibility for supervising and monitoring the execution of orders of removal and deportation. This responsibility relates to the process of confirming the existence of the necessary authorizations, or "travel documents", issued by foreign governments for the return of removable aliens to their respective home countries, and to the process of confirming the scheduling of the execution of removal orders by aircraft.

3. As a Chief Immigration Enforcement Agent in Boston, I am generally familiar with the process for travel document issuance by the various foreign governments, and with the day to day mechanisms of scheduling execution of and executing removal orders.

4.    At the request of Special Assistant United States Attorney Frank Crowley, I have examined the administrative records available to me of efforts to enforce the final administrative removal order in the case of ADERSON CESAR, Administrative File No. A38 511 801.  Upon review of the records available to me as a Chief Immigration Enforcement Agent, I confirm that ADERSON CESAR has now been scheduled for removal to Haiti on a specially chartered governmental (United States) Justice Prisoner and Alien Transportation System ("JPATS") flight, **on February 28, 2005.**

5.    Based upon my experience generally as a Chief Immigration Enforcement Agent in Boston, Massachusetts, and upon my review of and familiarity with the specific arrangements being made to effect the removal of removable aliens back to Haiti by JPATS flight, it is my full expectation that ADERSON CESAR will be removed as scheduled to Haiti **on February 28, 2005**, and it is my belief that there is certainly at least a substantial likelihood of the same occurring.

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on: 2/7/05
             —————
             Date

Signature

JAMES BROWN
Chief Immigration
Enforcement Agent
U.S. Dept. Homeland Security
Bureau of Immigration & Customs
Enforcement
Boston, Massachusetts

3

ATTACHMENT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ADERSON CESAR,                        )
        Petitioner,                   )
                                      )
        v.                            )    C.A. No. 02-12071-MLW
                                      )
IMMIGRATION AND                       )
NATURALIZATION SERVICE[1],            )
        Respondent.                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                    August 22, 2003

        For the reasons set forth below, Aderson Cesar's petition

under 28 U.S.C. § 2241 is being denied.

        I.    BACKGROUND

        On October 23, 2002, Cesar, through counsel, filed in this

court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2241 (the "Massachusetts petition"). Cesar filed an Addendum

to that petition on November 18, 2002.   Cesar, a native and

--------------------

        [1]Effective March 1, 2003, the Immigration and
Naturalization Service ("INS") ceased to exist as an
independent agency within the United States Department of
Justice, and its functions were transferred to the newly
formed United States Department of Homeland Security ("DHS").
See Homeland Security Act of 2002, Pub.L. No. 107-296, §§ 441,
451, 110 Stat. 2135, 2192, 2915-97 (2002). As of that date,
the Bureau of Immigration and Customs Enforcement ("BICE"), a
subordinate agency within the DHS, assumed the enforcement
functions of the former INS. The transition is irrelevant for
the court's purposes and, because the INS authored all of the
documents in the record relevant to this court's disposition
of this matter, the court shall refer to the INS instead of
the BICE throughout this Memorandum and Order.

1

citizen of Haiti, challenged the Order of Removal issued on September 24, 2002 by the Board of Immigration Appeals (the "BIA"). Cesar asserted that the BIA abused its discretion and violated Immigration and Naturalization Service ("INS") regulations when it reversed an April 4, 2002 decision of an Immigration Judge ("IJ") granting Cesar's application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1995). Without a section 212(c) waiver, Cesar is subject to removal as an alien convicted of an aggravated felony, pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii).

When Cesar filed the Massachusetts petition, he had pending another section 2241 petition, filed on December 14, 2001, in the United States District Court for the District of Rhode Island (the "Rhode Island petition"). See Cesar, et al. v. INS, No. 01-CV-590. The Rhode Island petition, which focused on the lawfulness of Cesar's detention while awaiting a final determination of his administrative deportation proceedings, was subsequently dismissed as moot. The INS contended that Cesar's Massachusetts petition should be dismissed because it was a second or successive "new claim" petition that constituted an "abuse of the writ" under the standards of McCleskey v. Zant,

499 U.S. 467 (1991).

In a December 12, 2002 Order, this court found that the respondent had made a colorable claim that Cesar abused the writ by filing a second habeas petition in this court when he could have amended his original, Rhode Island petition to include a new claim challenging the immigration service's final deportation order. See Zayas v. INS, 311 F.3d 247, 257-58 (3rd Cir. 2002). The court therefore ordered Cesar to show cause why he had not abused the writ. See McCleskey, 499 U.S. at 494-95. Furthermore, because Cesar was scheduled to be deported almost immediately, the court stayed the Order of Removal pending resolution of the Massachusetts petition. See Mohammed v. Reno, 309 F.3d 95, 98-99 (2nd Cir. 2002).

On January 8, 2003, Cesar filed a Motion to Terminate INS Proceedings or in the Alternative to Stay Deportation. In a supporting memorandum, Cesar sought to explain why he had not abused the writ, and continued to reargue the merits of his application for a section 212(c) waiver. In addition, by referencing alleged human rights abuses in Haiti, Cesar appeared to raise a new claim based on the United Nations Convention Against Torture ("CAT").[2] Cesar had sought a deferral of removal

---

[2]The United Nations Convention Against Torture and Other, Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, G.A. Res. 39/46, Annex, 39 U.N. GAOR Supp. No. 51, at

3

under the CAT from the Immigration Judge. The IJ denied that ground for relief, and the BIA affirmed. However, Cesar did not raise a claim under the CAT in his Massachusetts petition filed on October 23, 2002 or in the Addendum thereto.

On January 24, 2003, the respondent filed a report informing the court that on January 21, 2003 the BIA had denied Cesar's motion to reopen his removal proceedings. The BIA rejected Cesar's argument that new INS regulations barred the BIA from substituting its discretion for that of the IJ in determining whether Cesar should be granted a section 212(c) waiver. See Jan. 21, 2003 BIA Order.

II. ANALYSIS

While it appears that Cesar's Massachusetts petition may

---

197, U.N. Doc. A/RES/39/708 (1984), 23 I.L.M. 1027 (1984), provides that "[n]o State Party shall expel, return ("refouler") or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." Id. Art. 3, § 1. The CAT was ratified by the United States Senate in 1990 and entered into force for the United States in November 1994. See Regulations Concerning the Convention Against Torture, 64 Fed.Reg. 8478, 8478 (Feb. 19, 1999) (background). In October 1998, Congress passed the Foreign Affairs Reform and Restructuring Act ("FARRA"), Pub.L. No. 105-227, Div. G., § 2242(b), 112 Stat. 2681-761, 2681-822 (1998), which states:
    It shall be the policy of the United States not to expel, extradite, or otherwise effect the involuntary return of any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture....
    FARRA § 2242(a), 112 Stat. at 2681-822.

4

indeed constitute an abuse of the writ, the court need not decide that potentially complex issue because Cesar's claims clearly should be denied on other grounds.

Much of Cesar's petition and supporting memoranda is devoted to rearguing the merits of his application for a section 212(c) waiver. However, this court's habeas jurisdiction under section 2241 is limited to claims involving legal errors or pure questions of law. See Saint Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir. 2003) (discussing narrow scope of habeas review). While a petitioner like Cesar could raise in a habeas petition the refusal of the agency to even consider him for discretionary relief for which he is statutorily eligible, he "may not challenge the agency's decision to exercise or not exercise its discretion to grant relief." See id. (citing Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) and Goncalves v. Reno, 144 F.3d 110, 125 (1st Cir. 1998)); see also Sol v. INS, 274 F.3d 648, 651 (2nd Cir. 2001) (refusing to consider habeas claim involving discretionary denial of application for section 212(c) waiver); Finlay v. INS, 210 F.3d 556, 557 (5th Cir. 2000); Bowrin v. INS, 194 F.3d 483, 490 (4th Cir. 1999); Catney v. INS, 178 F.3d 190, 195 (3rd Cir. 1999). Here, the BIA agreed with the IJ that Cesar was "not statutorily barred from obtaining a section 212(c) waiver." See Sept. 24, 2002 BIA Order at 2. However, the BIA

5

found that the "significant equities" in Cesar's favor were "not sufficient to outweigh the extremely negative factors in his case." See id. That discretionary determination is not reviewable under section 2241. See Saint Fort, 329 F.3d at 203.

The one legal error squarely alleged by Cesar is that the BIA violated "the new INS regulations of September 25, 2002" when it substituted its discretion for that of the IJ. Claims alleging violations of regulations are cognizable on habeas review. See Saint Fort, 329 F.3d at 200; Lee Moi Chong v. District Director, 264 F.3d 378 (3rd Cir. 2001); Millian-Zamora v. Ashcroft, 228 F. Supp. 2d 272, 279-80 (E.D.N.Y. 2002). However, Cesar's claim is without merit. The regulations to which Cesar refers prohibit the BIA from engaging in de novo review of findings of fact but explicitly state that the BIA may review questions of discretion de novo. See 8 C.F.R. § 1003.1(d)(3)(i) and (ii). That is what occurred in Cesar's case: the BIA accepted the facts developed by the IJ but chose to exercise its discretion differently. See Sept. 24, 2002 BIA Order.

Finally, to the extent Cesar seeks to resurrect his CAT claim, that claim also fails. As a general matter, federal district courts have habeas jurisdiction to consider claims arising under the CAT. See Saint Fort, 329 F.3d at 200-01.

6

However, a CAT claim must be a type of claim that is cognizable on habeas review. <u>See</u> <u>id.</u> at 203 (finding petitioner stated viable habeas claim under CAT by alleging that his due process rights were violated by the retroactive application of BIA decision adverse to petitioner); <u>Wang v. Ashcroft</u>, 320 F.3d 130, 142-43 (2nd Cir. 2003) (finding petitioner stated viable habeas claim under CAT by alleging that BIA had wrongly applied CAT to undisputed facts); <u>contrast</u> <u>Zubeda v. Ashcroft</u>, 2003 WL 21436806 at *6 (3rd Cir. June 23, 2003) (on <u>direct appeal</u> from BIA decision denying CAT claim, federal appeals court determines if there is substantial evidence in the record to support BIA decision).

It is not clear what type of habeas claim under the CAT Cesar asserts. At best, he appears to argue that Haiti's indefinite detention of criminal deportees under "hellish" conditions constitutes torture under the CAT. In support, he submits reports from the Department of State and other sources detailing violence and human rights abuses in Haiti generally. In addition, the transcript of proceedings before the IJ that Cesar submitted to this court with his original petition references a newspaper article regarding the detention of criminal deportees in Haiti as well as an affidavit in which Cesar alleges that his cousin was killed in Haiti for wearing

7

the type of Muslim head covering that Cesar also wears.

To the extent Cesar is trying to reargue the facts, that claim is not cognizable on habeas review. See Eugene v. INS, 2003 WL 40509 at *2 (D. Mass. Jan. 3, 2003) (denying habeas relief because "[w]hether the conditions under which prisoners are held in custody by the Haitian government are sufficiently severe and purposeful to constitute 'torture' within the definition of the CAT is not a pure question of law"); cf. Lopez v. Ashcroft, - F. Supp. 2d -, 2003 WL 21437066 at *3 (D. Mass. June 23, 2003) (denying habeas relief because determining whether petitioner's medical condition prevented him from attending removal proceeding "would require a fact-intensive review"). Furthermore, Cesar fails to present a cognizable habeas claim by alleging that the BIA interpreted the CAT erroneously, wrongly applied the CAT to undisputed facts, or violated his right to due process. Cesar does not explain what facts he presented to the IJ and BIA in support of his CAT claim and even fails to provide this court with a copy of his affidavit. See Wang, 320 F.3d at 143 (applicant for relief under CAT bears burden of producing credible evidence establishing it is more likely than not that he will be tortured if removed to the proposed country of removal); Zubeda, 2003 WL 21436806 at *7 (same). Cesar's failure to present his claim clearly is a

8

sufficient reason in itself to deny habeas relief. See David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (burden on petitioner to make out case for habeas relief); 1 Liebman & Hertz, Federal Habeas Practice and Procedure § 11.3 (3d ed. 1998) (burden on petitioner to plead substantive claims for habeas relief). Indeed, without knowing what facts were presented to the IJ and BIA, this court could scarcely determine if the BIA wrongly applied the CAT to undisputed facts.

In any event, judging from the scant information presented by Cesar, there was no error in the BIA's analysis of Cesar's CAT claim. The BIA found that Cesar had failed to present any evidence or arguments to distinguish his case from Matter of J-E, in which the BIA held that while indefinite detention under "abysmal conditions" in Haiti was deplorable, it did not constitute purposeful torture under the CAT. See Matter of J-E, 23 I.& N. Dec. 291, 303-04 (BIA Mar. 22, 2002). Moreover, Cesar fails to explain how the one condition specific to him-the death of his cousin-is causally connected to his fear of torture during detention in Haiti as a criminal deportee. See Wang, 320 F.3d at 144.

III.    CONCLUSION

In view of the foregoing, it is hereby ORDERED that:

1.    Cesar's Petition for Writ of Habeas Corpus pursuant

9

to 28 U.S.C. § 2241 (Docket No. 1) is DENIED.

2.  Cesar's Motion to Terminate INS Proceedings or in the Alternative to Stay Deportation (Docket No. 7) is DENIED.

3.  The stay of removal entered in this action shall be DISSOLVED within 30 days of the date of this Memorandum and Order.


                                        /s/ Mark L. Wolf


_____          UNITED STATES DISTRICT COURT

10

ATTACHMENT C



# General Docket
## US Court of Appeals for the First Circuit

Court of Appeals Docket #: 04-1295                    Filed: 3/1/04
Nsuit: 2530 Prisoner: Habeas Corpus
Cesar v. INS, et al
Appeal from: U.S. District Court of MA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0101-1 : 02-12071        lead: 02-12071
    Ordering Judge: Mark L. Wolf, Judge
    Date Filed: 10/23/02
    Date order/judgment: 8/25/03
    Date NOA filed: 2/14/04
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: in forma pauperis

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
  None
Current cases:
  None
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


Docket as of August 23, 2004 4:30 pm              Page 1


_____


04-1295  Cesar v. INS, et al

ADERSON CESAR                    Aderson Cesar
     Petitioner - Appellant         Unit 8-2
                                    [COR LD NTC pro]
                                    Suffolk County House of
                                    Correction
                                    20 Bradston  Street
                                    Boston, MA 02118


     v.

IMMIGRATION AND NATURALIZATION   Brenda M. O'Malley
SERVICE                          FTS 616-9777
     Respondent - Appellee       202-616-2872
                                 [NTC gvt]

```
                              Office of Immigration Appeals
                              Civil Division
                              P.O. Box 878
                              Ben Franklin Station
                              Washington, DC 20044

                              Frank Crowley
                              FTS 617-565-4921
                              617-565-3140
                              [NTC gvt]
                              Trial Attorney Unit - INS
                              JFK Federal Bldg.
                              Room 425
                              Boston, MA 02203

                              Michael P. Sady
                              FTS 617.748.3971
                              617.748.3362
                              [COR LD NTC gvt]
                              U.S. Attorney's Office
                              John Joseph Moakley Courthouse
                              1 Courthouse Way
                              Suite 9200
                              Boston, MA 02210
```

Docket as of August 23, 2004 4:30 pm                Page 2

---

04-1295  Cesar v. INS, et al

ADERSON CESAR

      Petitioner - Appellant

v.

IMMIGRATION AND NATURALIZATION SERVICE

      Respondent - Appellee

Docket as of August 23, 2004 4:30 pm                Page 3

---

04-1295  Cesar v. INS, et al

3/1/04          CIVIL CASE docketed. Opening forms sent. Notice of Appeal
                filed by Appellant Aderson Cesar. Appearance form due
                3/15/04. Docketing Statement due 3/15/04. Transcript
                Report/Order due 3/15/04. Fee due 3/15/04. [04-1295] (mlyn)

3/1/04          RECORD filed: 1-17 consisting of docket entries, No

Transcript(s) filed. [842666-1]  [04-1295] (mlyn)

3/8/04       PUBLIC NOTE: Letter from Appellant, requesting information
             for pending appeal with Court, seeking status for motions
             that were filed. [04-1295] (mlyn)

3/8/04       MOTION filed by Appellant Aderson Cesar for stay  & for
             appointment of counsel. Certificate of service dated
             3/1/04. [04-1295] (mlyn)

3/16/04      MOTION filed by Appellant Aderson Cesar to extend time to
             file appearance form, Docketing Statement, transcript/report
             order form until 3/31/04. Certificate of service dated
             3/15/04. [04-1295] (mlyn)

3/17/04      ORDER entered. Petitioner-Appellant's motion to extend the
             time to file their appearance form, docketing statement and
             transcript report order form to March 31, 2004, is hereby
             granted. No further extension of these deadlines should be
             expected. [04-1295] (mlyn)

3/18/04      ORDER entered by Judge Kermit V. Lipez: Deportation is
             stayed until further order. (jenn)

3/30/04      PUBLIC NOTE: Change of Address for Aderson Cesar. [04-1295]
             (mlyn)

4/1/04       MOTION filed by Appellant Aderson Cesar to extend time to
             file appearance form until 5/1/04, Docketing Statement,
             transcript/report order form. Certificate of service dated
             3/30/04. [04-1295] (mlyn)

4/2/04       ORDER entered. Upon consideration of motion, It is hereby
             granted that the time for the appellant to file their
             appearance form, docketing statement and transcript report
             order form be enlarged until April 16, 2004.  [04-1295]
             (mlyn)

4/15/04      SUPPLEMENTAL RECORD consisting of dkt# 23 & Updated Docket
             sheet filed. [857993-1] [857993-1]   [04-1295] (mlyn)

4/28/04      BRIEFING SCHEDULE. Appellant's Brief due 6/7/04. Appellee's
             Brief due 7/7/04. Reply brief due 7/21/04.  [04-1295] (frnk)

4/28/04      ATTORNEY Michael P. Sady for Appellee INS added to case.
             [04-1295] (bety)

Docket as of August 23, 2004 4:30 pm              Page 4

---

04-1295  Cesar v. INS, et al

4/28/04      APPEARANCE filed by Michael P. Sady for Appellee INS.
             [862760-1] [04-1295] (bety)

| | |
|---|---|
| 4/29/04 | Involvement of attorney Michael J. Sullivan for INS terminated. [04-1295] {bety} |
| 4/29/04 | SUPPLEMENTAL RECORD consisting of docket entry 25 (Letter from Mr. Cesar dated April 18, 2004) filed. [862906-1] [04-1295] (lina) |
| 5/4/04 | LETTER CONSTRUED AS MOTION filed by Appellant-pro se Aderson Cesar as a motion for appointment of new counsel. Appellant states that he would like his current counsel, Atty John D. Himmelstein removed from his case. He also states that he would like a copy of his docketing sheet and all correspondence mailed to him. Certificate of dated: none. [864891-2] [04-1295] (geor) |
| 5/5/04 | Letter sent to Appellant-pro se Cesar regarding an enclosed copy of the docket sheet in this case. [04-1295] (geor) |
| 5/27/04 | LETTER CONSTRUED AS MOTION filed by Appellant Aderson Cesar. The appellant resquests that this court temporarily REMOVE the order to stay deporatation entered on March 18, 2004. (cmpa) |
| 5/27/04 | PUBLIC NOTE: Copy of appellant's letter docketed May 26, 2004 sent to all respondent's counsel. [04-1295] (cmpa) |
| 6/29/04 | Notice of Default and Intent to Dismiss Issued. Appellant must file the Appellant's Brief on or before 7/13/04, or this case will be dismissed for lack of prosecution in accordance with Loc. R. 3(b). [882911-1] [04-1295] (mlyn) |
| 7/7/04 | MOTION filed by Appellant Aderson Cesar to vacate order for Stay of Deportation. Certificate of service dated 7/6/04. [04-1295] (mlyn) |
| 7/8/04 | LETTER CONSTRUED AS MOTION filed by Appellant Aderson Cesar to extend time to file Appellant's brief. Ext. Code: CNF. Certificate of Service dated 7/7/04. [886149-2] [04-1295] (mlyn) |
| 7/8/04 | ORDER entered. Treating appellant's letter dated July 7, 2004 as a motion for extension of time to file his opening brief, It is hereby ordered that the time to file appellant's brief is enlarged to and including August 12, 2004. Appellant's Brief Due 8/12/04. [04-1295] (mlyn) |
| 7/12/04 | Involvement of attorney John D. Himmelstein for Aderson Cesar terminated. [04-1295] (mlyn) |
| 7/19/04 | MOTION filed by Appellant Aderson Cesar to dismiss case. [889915-1] Certificate of service dated 7/14/04. [04-1295] |

Docket as of August 23, 2004 4:30 pm                 Page 5

---

04-1295  Cesar v. INS, et al

(mlyn)

7/20/04        ,    JUDGMENT entered. Upon consideration of appellant's motion,
                    It is hereby ordered that this appeal be voluntarily
                    dismissed pursuant to Fed. R. App. P. 42(b) with each party
                    to bear its own costs. Mandate to issue forthwith.
                    [889932-1] [04-1295] (mlyn)

7/20/04             MANDATE ISSUED.  [04-1295] (mlyn)

7/21/04             RECORD consisting of one volume of lower court docket
                    entries 6, 10-20, 23, 25 returned to originating court.
                    (dunn)

8/12/04             MOTION filed by John Himmlestein to withdraw as counsel for
                    Aderson Cesar. [898844-1] Certificate of service dated
                    8/11/04. [04-1295] (mlyn)

Docket as of August 23, 2004 4:30 pm                    Page 6

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/04/2005 09:39:52 | | |
| PACER Login: | us5172 | Client Code: | |
| Description: | dkt report | Case Number: | 04-1295 |
| Billable Pages: | 6 | Cost: | 0.48 |