United States District Court
District of Massachusetts

Aderson Cesar,
    Petitioner,

v.

Bruce Chadbourne,
Interim field Director
for Detention and Removal, ET AL.,
    Respondents.

FILED
IN CLERKS OFFICE
2005 FEB 17 P 1:06
U.S. DISTRICT COURT
DISTRICT OF MASS

Court No. 05-10212-JLT

## Reply To Respondents' Return Motion To Dismiss

### Introduction

Petitioner, Mr. Cesar, is challenging the lawfulness of his detention by the Department of Homeland Security Immigration and Customs Enforcement (ICE) within the Boston ICE district. The Petitioner received a final order of removal on September 24, 2002. His 90-day statutory removal period under the relevant statute, 8 U.S.C. § 1231 (a)(6) expired since December 24, 2002. The Petitioner's case is controlled by (the) Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001), in which the Supreme Court ruled that indefinite detention is not authorized by statute where there is no significant likelihood of removal in the reasonably forseeable future.

### Statement of facts

On April 4, 2002, the Honorable Immigration Judge Leonard Shapiro granted Mr. Cesar's application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act (preventing him from being deported) and terminated his removal proceedings. (See Exhibit-8 order of the Immigration Judge) However, the Immigration Service appealed it and the BIA reversed the I.J's decision on September 24, 2002 and ordered Mr. Cesar

-1-

removed to Haiti. (See Exhibit 1) Then on October 23, 2002, Mr. Cesar, through retained counsel, filed a writ of habeas corpus to this Court appealing the BIA's decision, but on August 22, 2003, his petition was denied due to the ineffectiveness of his counsel. (See page 8 (mid-section) of Judge Wolf's decision in Respondents' Attachment B). Mr. Cesar then appealed that decision to the First Circuit on March 1st, 2004 on the grounds of ineffective assistance of counsel and his fear of returning to Haiti, but on July 20th, 2004 Mr. Cesar withdrew his appeal with the intent of being released because the Respondents (ICE) had informed him that they weren't sending anyone back to Haiti due to the severe civil chaos and would only release him if he withdrew his appeal... but unfortunately, they (ICE) did not keep their word and never really had any intentions on releasing him, eventhough they know that Mr. Cesar cannot go back to Haiti due to his family ties to the haitian government.

### Statement Of Law Applicable To Petitioner's Custody Status

On June 28, 2001, the Supreme Court held in Zadvydas v. Davis, supra, that Immigration and Nationality Act (INA) § 241(a), 8 U.S.C. § 1231(a) authorizes the then-INS to detain an individual with a final order of removal only for a period reasonably necessary to carry out that person's removal from the United States. Zadvydas, 121 S. Ct. at 2504. In particular, ICE may detain an alien while it carries out his removal for a 90-day period after the removal order becomes administratively final. INA § 241(a). The Supreme Court further held in Zadvydas, that 6 months is a presumptively reasonable period of time to effect removal. See also 8 C.F.R. § 1241.13(b)(2)(ii). Under Zadvydas, "once removal is no longer reasonably forseeable, continued detention is no longer authorized by statute." 121 S. Ct. at 2503. In such cases, "the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances..." Id. at 2504.

## Argument

### — Petitioner's Continued Detention Is Unlawful —

The Petitioner has been detained by the Respondents since July 27, 2001 (almost 4 yrs) and has been Unlawfully detained by the Respondents since July 20, 2004. The reason Mr. Cesar has been appealing his case continuously for all these years (and seeking relief from this Court) is because he strongly <u>fear</u> <u>for</u> <u>his</u> <u>life</u> in Haiti and hope that this Honorable Court <u>Will</u> <u>see</u> <u>that</u>... and grant him the necessary relief.

The Respondents knows very well that the Petitioner's <u>life will be in danger</u> if he's <u>forcibly</u> <u>removed</u> <u>to</u> <u>Haiti</u> due to his family ties to the Haitian government, but the Respondents is <u>ignoring</u> this important factor (Regardless of the Haitian Consulate's request and recommendation) and is still <u>attempting</u> to send Mr. Cesar to Haiti to <u>meet</u> <u>his</u> <u>death</u> <u>bed</u>! Furthermore, Mr. Cesar's chances are even much <u>greater</u> now and becomes more <u>easier</u> for him to be tortured and killed (without a trace) due to the fact that there is <u>No law</u> being practiced in that country at the moment, <u>No President</u>, <u>No Stable Government</u>, <u>No Security</u>, <u>Constant</u> <u>Violence</u> and <u>Senseless Killings</u> on a daily basis; and last but not least... <u>Haiti is in desperate need of help</u> and is <u>Starving for food So bad right now</u> that lately some of its residents has been turning to <u>Cannibals</u> and are forced to eat the <u>flesh</u> of another human being in order to stay alive and to help them from starving to death! This is inhumane, a violation of human rights, and the Petitioner (or no person) should be subjected to such environment — if it can be prevented... And this Honorable Court <u>Can</u> prevent it! And the Laws of the United States Constitution will <u>support</u> this Court's decision in granting the Petitioner's relief.

The Respondents states that "because petitioner's removal has now been scheduled for February 28, 2005, execution of the removal order and petitioner's <u>Consequent</u> <u>release</u> <u>from</u> <u>custody</u>" are now "reasonably forseeable". (See Respondents Motion p.2, ¶ 1) However, Petitioner's "Consequent release from Custody" **IS Not** reasonably forseeable because the Respondents knows very well that <u>if</u> or <u>Once</u> Mr. Cesar (or any person) gets deported to Haiti, <u>he will automatically go straight to Jail</u> (to be used as **bait**) and has to remain there for months <u>or</u> years for no reason what-so-ever...

— 3 —

Especially if a person do not have any family over there (Like Mr. Cesar) or someone who has "Connection" and enough money to <u>buy</u> that person's freedom (as a <u>ransom</u>). Otherwise, deportees are forced to remain in Jail <u>indefinitely</u> (to be tortured or Killed) in a country that they did not commit any crime, and has to live in an environment that is so <u>bad</u> and <u>inhumane</u> that the BIA (October 15, 2001 decision) <u>finds</u> that the Haitian prison Conditions <u>alone</u> <u>Warrant</u> <u>CAT</u> <u>relief</u>. (See e.g. Petition Exhibit-10, p.1, ¶ 7 and 8)

## Conclusion

Petitioner respectfully requests that this Honorable Court take notice of the fact that his case is directly governed by <u>Zadvydas</u> and order Petitioner's immediate release from detention — since he <u>cannot</u> go back to his country... <u>Except</u> to be imprisoned <u>indefinitely</u> to be tortured and Killed! This Honorable Court is Mr. Cesar's <u>last</u> and <u>only</u> hope to seek <u>Justice</u> and be granted this opportunity to remain in this Country to be with his loving family and be a husband to his U.S. Citizen Wife (of 10 years) and a father to their beautiful 5 year old daughter who desperately <u>needs</u> his assistance emotionally as well as financially. Mr. Cesar is not a danger to the Community and has <u>learned</u> from his mistakes, and would like to return to gainful employment and no longer be a burden to society. Please Your Honor, Re-unite this family once and for all as intended by the Immigration Judge when he <u>granted</u> <u>Mr. Cesar</u> <u>relief</u> on April 4, 2002... Instead of allowing the Respondents to <u>tear</u> this family apart <u>permanently</u> by sending Mr. Cesar to Haiti where he will be tortured and killed upon arrival or while being detained <u>indefinitely</u> in Haiti's Jails!

For all the reasons stated above, the Petitioner prays that this Honorable Court (in the interest of Justice) grant his petition, order the Respondents to release him immediately (on Supervision), stay his deportation (permanently), and grant any other relief that this Honorable Court may deem Just and Proper.

Dated: February 14, 2005

Respectfully Submitted,

Anderson Cesar (Pro-se)

-4-

## Certificate of Service

I, Aderson Cesar, the Petitioner, Pro-se, hereby certify that a true and accurate copy of the foregoing was sent to the Respondents via first class mail postage prepaid on the 14th day of February 2005 to the address listed below:

Frank Crowley
Special Assistant U.S. Attorney
Dept. of Homeland Security
Office of the Chief Counsel
   P.O. Box: 8728
JFK Station
Boston, Mass. 02114

Aderson Cesar (Pro-se)
2/14/05