UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ADERSON CESAR, | * | |
| | * | |
| Petitioner, | * | |
| | * | Civil Action No. 05-10212-JLT |
| v. | * | |
| | * | |
| BRUCE CHADBOURNE, FIELD OFFICE | * | |
| DIRECTOR, IMMIGRATION AND CUSTOMS | * | |
| ENFORCEMENT, et al., | * | |
| | * | |
| Respondents. | * | |

ORDER

February 23, 2005

TAURO, J.

This court hereby orders that:

1.    Respondents' Motion to Dismiss [#6] is ALLOWED for the reasons set forth in

Respondents' Return and Memorandum in Support of Motion to Dismiss [#7], a

copy of which is attached for ready reference (Appendix).

IT IS SO ORDERED.

United States District Judge

Appendix

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ADERSON CESAR,                          )
                                        )
            Petitioner                  )
                                        )       Civil Action No.
      v.                                )       05cv10212-JLT
                                        )
BRUCE CHADBOURNE, FIELD OFFICE          )
DIRECTOR, IMMIGRATION AND               )
CUSTOMS ENFORCEMENT, ET AL.,            )
                                        )
                                        )
            Respondents[1]              )

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Haiti presently
detained by the Bureau of Immigration and Customs Enforcement of
the Department of Homeland Security ("ICE") pending execution of
his final order of removal.[2]  His petition to this Court asserts
prolonged post-order detention in contravention of the Supreme
Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

---

[1] The responsive official of the Department of Homeland Security
responsible for enforcement of petitioner's removal order in the
instant action is Bruce Chadbourne, Field Office Director for
Detention and Removal, Department of Homeland Security, Bureau of
Immigration and Customs Enforcement ("ICE") in Boston,
Massachusetts. See 28 U.S.C. § 517 (providing for the appearance
of the Department of Justice "to attend to the interests of the
United States in a suit pending in a court of the United
States").

[2] Petitioner's last judicial stay of removal expired on July 20,
2004, the date the First Circuit Court of Appeals allowed
petitioner's voluntary dismissal of his appeal from Judge Wolf's
habeas corpus denial.  See Cesar v. INS, 04-1295 (1st Cir. 2004);
Cesar v. Immigration and Naturalization Service, 02cv12071-MLW
(D. Mass. 2003).

However, because petitioner's removal has now been scheduled for **February 28, 2005**, execution of the removal order and petitioner's consequent release from custody are now "reasonably foreseeable" and within the scope of the Supreme Court's Zadvydas rule.  See Attachment A, DECLARATION OF CHIEF IMMIGRATION ENFORCEMENT AGENT JAMES BROWN.

Also, to whatever possible extent the petition may also be construed to challenge petitioner's underlying removal order,[3] that matter is now res judicata as a result of Judge Wolf's previous habeas denial, see Attachment B, and petitioner's subsequent voluntary dismissal of his circuit court appeal from that denial, see Attachment C.

Accordingly the case should be dismissed for failure to state a claim upon which relief may be granted.

## ARGUMENT

I.   BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **FEBRUARY 28, 2005**, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner complains about the length of his detention awaiting the completion of necessary arrangements for his removal, asserting that "ICE has offered no evidence to suggest that repatriation in petitioner's individual case is reasonably

---

[3] See e.g. Petition, p.5 ("Mr. Cesar's life would be in danger if he's forcibly removed.").

2

foreseeable".[4]   Petition, p.5.   However, because petitioner's

removal is now scheduled for a later this month (**FEBRUARY 28,**

**2005**), petitioner fails to state a colorable claim of unlawful

detention. See Attachment A, DECLARATION OF CHIEF IMMIGRATION

ENFORCEMENT AGENT JAMES BROWN.

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491

(2001) recognized six months as a presumptively reasonable period

of detention within which to allow the government to accomplish

an alien's removal, and said that, "for the sake of uniform

administration in the federal courts, we recognize that period".

Id. at 2505.   The Court further held:

> After this 6-month period, once the alien provides good
> reason to believe that there is no significant
> likelihood of removal in the reasonably foreseeable
> future, the Government must respond with evidence
> sufficient to rebut that showing. And for detention to
> remain reasonable, as the period of prior post-removal
> confinement grows, what counts as the "reasonably
> foreseeable future" conversely would have to shrink.
> This 6-month presumption, of course, does not mean that
> every alien not removed must be released after six
> months.   To the contrary, an alien may be held in
> confinement until it has been determined that there is
> no significant likelihood of removal in the reasonably
> foreseeable future.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

---

[4] Petitioner has been scheduled for several removal flights in
the past, however his litigation in the district and the circuit
courts has been attended by judicial stays of removal preventing
petitioner's removal.   The last judicial stay of removal expired
on July 20, 2004, when the First Circuit allowed petitioner's
voluntary dismissal of his appeal from the district court's
denial of his habeas claims.   See Attachment C.

In <u>Akinwale v. Ashcroft, et al.</u>, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), <u>aff'd</u> 341 F.3d 853 (9th Cir. 2003), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden.  While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable.  Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, the necessary travel authorizations have now been completed, and petitioner is now scheduled for removal to Haiti on a special United States government flight later this month, on **FEBRUARY 28, 2005.** <u>See</u> Attachment A, p.2, ¶4. Accordingly, there is necessarily a "significant likelihood

of removal in the reasonably foreseeable future" and the petition
fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of
petitioner's removal scheduled for **FEBRUARY 28, 2005,** and advises
of the necessity that petitioner be transported to an
intermediate staging area in the United States two weeks from now
preparatory to his removal to Haiti on **FEBRUARY 28, 2005.**

## CONCLUSION

For all the reasons set out above, the petition should be
dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   s/Frank Crowley
      FRANK CROWLEY
      Special Assistant U.S. Attorney
      Department of Homeland Security
      P.O. Box 8728
      J.F.K. Station
      Boston, MA 02114
      (617) 565-2415

5

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to
be served upon pro se petitioner by mail on February 8, 2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

6